IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA A. WAND,

                Plaintiff,

v.

LAFAYETTE COUNTY SHERIFFS DEPARTMENT,
JANE DOE 911 DISPATCHER,
WISCONSIN INJURED PATIENTS AND FAMILIES     OPINION and ORDER
COMPENSATION FUND,
ARGYLE EMERGENCY SERVICE,                        23-cv-297-jdp
HEIDI T. GANSHER, GLENDA TREUTHARD,
NICHOLAS R. SARBACKER, DAMIEN JAKOBI,
UNIVERSITY OF WISCONSIN HOSPITALS AND
CLINICS AUTHORITY, DR. HABIBI
and DR. HILARY FAUST,[1]

                Defendants.

---

Plaintiff Barbara A. Wand, without counsel, alleges that various emergency personnel and medical staff improperly treated her husband Armin after she called 911, leading to his death. Wand brings claims under several legal theories, including the Eighth and Fourteenth Amendments to the United States Constitution, the Emergency Medical Treatment and Active Labor Act (EMTALA), and state law negligence and wrongful death theories.

Multiple groups of defendants have filed motions to dismiss the case. Dkts. 8; 13; 26; 30; 52. I will grant their motions and dismiss Wand's federal claims because she is unable to state a federal claim for relief. I will also relinquish the court's supplemental jurisdiction over Wand's state-law claims.

---

[1] I have amended the caption to properly reflect the names of defendants Faust, University of Wisconsin Hospitals, and Wisconsin Injured Patients and Families Compensation Fund as provided in their filings.

ALLEGATIONS OF FACT

On October 27, 2020, Armin Wand was having difficulty breathing. Barbara Wand called 911 to request an ambulance. (To avoid confusion, I will refer to defendant Barabara Wand as "Wand," and I will refer to Armin Wand as "Armin.") The dispatcher, defendant Jane Doe of the Lafayette County Sheriff's Department, asked if Armin was breathing and Wand responded by stating, "barely." The dispatcher told Wand that emergency medical service was en route and hung up.

About 25 minutes later, a Village of Argyle ambulance arrived; defendant Damien Jakobi drove the ambulance and defendants Heidi T. Gansher, Nicholas R. Sarbacker, and Glenda Treuthard were emergency medical technicians. Armin was unresponsive, not breathing, and had no pulse. They did not "stabilize" Armin's health; instead they loaded him onto a backboard and carried him to the ambulance. They treated him in various ways at the scene and en route to the Monroe Hospital, including manual CPR, defibrillation pads, inserting an airway device, using a valve mask to provide Armin with oxygen, and performing a capnography.

The ambulance got to the Monroe Hospital about 45 minutes after they had arrived at the Wands' home. Eventually, Armin was transferred to University of Wisconsin Hospital. Wand received a call from the attending physician, who told her that Armin was on life support, was braindead, and that the machine was keeping him alive. A day later, defendant Dr. Habibi called her and told her that nobody "should live like this through a machine, so pull the plug." Dkt. 1, at 8. The following day Dr. Habibi called her said that "the hospital is pulling the plug and taking the patient off of life support" and that she should get her family members together

to say goodbye. Armin died on October 30, 2020. Wand spoke with defendant Dr. Faust, who asked her if she wanted an autopsy. Wand said yes, but no autopsy was performed.

ANALYSIS

There are five sets of defendants: (1) Lafayette County Jane Doe 911 dispatcher and the Sheriff's Department; (2) Village of Argyle Emergency Service and its employees Jakobi Gansher, Sarbacker, and Treuthard; (3) Dr. Faust; (4) Dr. Habibi and University of Wisconsin Hospitals; and (5) the Wisconsin Injured Patients and Families Compensation Fund. Each set of defendants moves to dismiss the case, raising various and often overlapping arguments for dismissal. For ease of discussion, I will simply refer to defendants collectively unless it is pertinent to identify specific defendants or groupings of them.

A. **EMTALA claims**

Defendants contend that Wand's complaint fails to state a viable federal claim for various reasons. I will start with her EMTALA claims. Defendants contend that Wand's claims under EMTALA are barred by the statute of limitations for such actions. The statute of limitations for EMTALA claims against a defendant or its employees is two years. 42 U.S.C. § 1395dd(d)(2)(C). Armin died on October 30, 2020, and Wand did not file her complaint until May 8, 2023. Wand argues that the two-year statute of limitations does not apply and that instead a Wisconsin-law deadline of three years should apply instead. But EMTALA is a federal law governed by its own statute of limitations. Because Wand failed to file her complaint before the two-year EMTALA limitations period ended, I will grant defendants' motion to dismiss regarding these claims.

3

**B. Constitutional claims**

Wand also attempts to bring claims under the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983, contending that defendants failed to properly treat Armin, causing his death and injuring her emotionally and financially. But Wand cannot directly bring claims for her own injuries caused by defendants for their actions or inactions toward Armin. *See Thompson v. City of Chicago*, 472 F.3d 444, 452 n.25 (7th Cir. 2006) (decedent's "mother and wife do not have standing to pursue a § 1983 action against the City of Chicago or Officer Hespe, as they have not even alleged that Thompson was killed for the specific purpose of terminating [Thompson's] relationship with his family." (quotation omitted) (alteration in original)); *Russ v. Watts*, 414 F.3d 783, 788 (7th Cir. 2005) (parents of adult son killed by officer had no constitutional right to recover for loss of society and companionship under § 1983).

It is unclear from her complaint whether Wand can bring constitutional claims on behalf of Armin. Assuming that Armin's own potential claims survived his death, the proper successor party is "the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008). Wand didn't explain the status of Armin's estate.

The complaint's lack of clarity also hampers the substance of Armin's claims. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Because claims like these brought under § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each

4

individual defendant that Wand wishes to sue in this case must be able to understand what they are alleged to have done to violate his rights. Defendants correctly note that Wand fails to specifically explain what many of them did or did not do that violated Armin's rights. They also note that the Eighth Amendment doesn't apply to Armin because he wasn't a prisoner.

The fact that the Eighth Amendment doesn't apply to Armin matters little: unrepresented plaintiffs are not required to plead legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Ordinarily I might have Wand respond to the other deficiencies in her complaint by filing an amended complaint better explaining the status of Armin's estate and her specific allegations of wrongdoing against each of the defendants. But in responding to the defendants' motion to dismiss, Wand provided more details for at least some of these issues. Dkts. 28 and 39.[2] She states that she is Armin's personal representative, and in any event it seems likely that she is Armin's sole successor in interest. As for the substance of her claims, Wand states more directly that the Jane Doe dispatcher or emergency technicians should be liable for taking 25 minutes to arrive to their home despite being stationed only four blocks away. Wand suggests that defendants ignored her call for help because of animosity toward her family after a 2021 incident in which her sons were convicted of arson.

Ultimately, even if I considered Wand's responses to be amendments to her complaint, her additional details are not enough to stave off dismissal of Armin's constitutional claims. I am still not certain what Wand thinks that *each* defendant did to violate Armin's rights, but the thrust of the complaint is clear: Wand believes that EMTs were slow to treat Armin and ineffective when they did so, and that defendant doctors didn't treat him properly, even failing

---

[2] Wand filed a motion to extend her deadline to file a joint brief opposing several defendants' motions to dismiss. Dkt. 38. I will grant that motion and consider her brief.

to perform the requested autopsy. The problem with these claims is that the Constitution generally does not impose a duty on government officials to protect citizens from private harms. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property"); *Archie v. City of Racine*, 847 F.2d 1211, 1221 (7th Cir. 1988) (no due process violation when city dispatcher failed to send ambulance to dying woman). Unless a citizen is in the custody of the state, *DeShaney*, 489 U.S. at 200, or a defendant has created a dangerous situation that renders the plaintiff more vulnerable to danger than he would have been otherwise, *Reed v. Gardner*, 986 F.2d 1122, 1126 (7th Cir. 1993), municipalities and their agents are under no constitutional obligation to provide medical services to injured persons. Wand's belief that the Jane Doe dispatcher or EMTs delayed on purpose because of a grudge against her family doesn't change this analysis. I also note that this allegation lacks plausibility. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (cautioning that defendants should not be subjected to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy" unless the plaintiff meets a high standard of plausibility).

It is undeniable that Armin's death was a devastating loss for Wand. But under the relevant authorities, she cannot bring constitutional claims on his behalf. I will grant defendants' motions to dismiss those claims.

## C.  State-law claims

That leaves Wand's Wisconsin-law negligence and wrongful death claims. Ordinarily, this court will decline to exercise supplemental jurisdiction over state-law claims after it dismisses all federal causes of action. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without

prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Wand hasn't shown that this court could exercise federal diversity jurisdiction over her state-law claims; she fails to allege that she and defendants are citizens of different states and nothing in the record suggests that they are.

Wand may pursue those claims in state court, subject to Wisconsin statutes of limitations. Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days from now. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

The court of appeals has cautioned against dismissing a case brought by an unrepresented plaintiff without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But here, dismissal of the case is appropriate because I see no allegations suggesting that Wand could amend her complaint to state a claim for relief in federal court.

**D. Remaining motions**

Wand moves for injunctive relief against the United States Postal Service for tampering with correspondence that her son has sent her to assist her with the case. Dkt. 43. Wand also asks for an order prohibiting defendants from discussing this case. *Id.* But Wand's case isn't about mail tampering, nor is there any indication that her son's assistance would change the outcome of my rulings. And defendants are free to discuss the case with whomever they choose; this lawsuit is a matter of public record. I will deny her motion for injunctive relief.

Wand also seeks court's assistance in recruiting her counsel and an expert witness. Dkt. 61. I will deny this motion because counsel couldn't fix the problems with her federal claims, and I am relinquishing control over her state-law claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Barbara A. Wand's motion to extend her deadline to file her brief opposing the motion to dismiss, Dkt. 38, is GRANTED.

2. Defendants' motions to dismiss, Dkts. 8; 13; 26; 30; 52, are GRANTED.

3. Plaintiff's state-law claims are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

4. Plaintiff's motion for injunctive relief, Dkt. 43, is DENIED.

5. Plaintiff's motion for the court's assistance in recruiting her counsel, Dkt. 61, is DENIED.

6. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 27, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge